CV 12 5539

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

----------------------------------------X

LINZY FORD

    Plaintiff,

- against -

THE CITY OF NEW YORK, P.O. QUENTIN SAXON, P.O. JASON VASQUEZ, P.O. THOMAS RODRIGUEZ, and SGT KENYA MOYE,

    Defendants.

----------------------------------------X

Civ. No.

**COMPLAINT FOR DAMAGES (42 U.S.C. § 1983)**

JURY TRIAL DEMANDED

MATSUMOTO, J.

BLOOM M.J

SIRS:

LINZY FORD, Plaintiff complaining of Defendants by his Attorney(s), ADRIAN A. ELLIS, LLC. alleges as follows:

### INTRODUCTION

1. This is an action for damages sustained by a citizen of the United States against police officers of The City of New York Police Department, who unlawfully arrested, assaulted, prosecuted, and harassed the Plaintiff.

2. The action against the City of New York is predicated upon the basis that the defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

### JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction of the action under 42 U.S.C. § 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

## PARTIES

5. Plaintiff is a resident of the City of New York, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Kings County.

6. At all times relevant to this action, defendants P.O. Quentin Saxon, Tax ID #: 947466, P.O. Jason Vasquez, Tax ID #: 900698, P.O. Thomas Rodriguez, Tax Id number unknown and Sergeant Kenya Moye, Tax ID number 918038 were police officers employed by the City of New York Police Department, badge numbers unknown, to perform duties in the borough of Brooklyn and were assigned to the 71st Precinct.

   a. At all relevant times, these defendants were acting as the agents, servants, and employees of the defendant City of New York.

   b. These defendants are sued individually and in their official capacities.

7. The defendant-City of New York is a municipality that is incorporated under the laws of the State of New York and, at all relevant times, it employed the other defendants in this action.

8. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

9. On November 9, 2009, at approximately 11:30 p.m., the plaintiff was at home with his wife Karen Smith Ford. After having a verbal altercation with his wife the

plaintiff was lying on his couch in his living room watching television. Suddenly five to six police officers rushed into the plaintiff's living room and immediately sprayed mace into the plaintiff's face. The plaintiff was then knocked off the couch and subjected to a vicious beating all about his body. This assault occurred without the passing of a word between the police officers and plaintiff. The plaintiff remembers his wife screaming at the police for them to stop beating the plaintiff. As a result of the mace the plaintiff was having difficulty breathing hence he was unable to communicate his protestations to the defendants. Plaintiff was then handcuffed and taken outside in the shorts and t-shirt that he was wearing at the time. Plaintiff was not given the opportunity to change into more appropriate clothing nor to put something on his bare feet, despite the cool weather.

10. Plaintiff was transported to the 71st Precinct in the back of a van and thrown into a cell. Approximately forty five minutes after being at the precinct the ambulance was summoned and the plaintiff was transported to the Kings County Hospital. Plaintiff was only able to receive a cursory examination at the hospital as prior to the examination being completed and whilst the examining physician stepped away, the defendants removed the plaintiff from the hospital. The Plaintiff remained jailed until the morning of November 11, 2009 at which time he was arraigned in the Kings County Criminal Court and released upon his own recognizance.

11. The prosecution against the plaintiff was dismissed on February 2, 2010.

12. As a result of the defendant's assault the plaintiff received extensive medical attention for the multiple injuries sustained.

## FIRST CLAIM FOR RELIEF

13. As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, pain and suffering, incurred medical expenses, in connection with his medical treatment, and was otherwise damaged.

14. The Plaintiff, Linzy Ford, sustained severe, serious, painful and permanent injuries, both physically and mentally, suffered and still suffers severe pain and agony, required and will require medical care and attention, was and will be required to pay therefore, and was incapacitated by reason thereof and was otherwise injured and damaged, had lost sums of money which he otherwise would have earned, as a result of the conduct described in this complaint.

15. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages listed above.

16. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the City of New York Police Department.

17. Defendant City of New York failed to instruct P.O. Quentin Saxon, Tax ID # 947466, P.O. Jason Vasquez, Tax ID #: 900698, P.O. Thomas Rodriguez, Tax Id number unknown and Sergeant Kenya Moye, Tax ID number 918038 in applicable provisions of the State Penal Law of the State of New York and the proper and prudent use of force.

18. Defendant City of New York authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   a. Failing to properly discipline, restrict, and control employees, including P.O. Quentin Saxon, Tax ID # 947466, P.O. Jason Vasquez, Tax ID #:

900698, P.O. Thomas Rodriguez, Tax Id number unknown and Sergeant Kenya Moye, Tax ID number 918038, defendants known to be irresponsible in their dealings with citizens of the community;

b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically; P.O. Quentin Saxon, Tax ID # 947466, P.O. Jason Vasquez, Tax ID #: 900698, P.O. Thomas Rodriguez, Tax Id number unknown and Sergeant Kenya Moye, Tax ID number 918038.

c. Failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by police personnel;

d. Failing to establish or assure the functioning bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

19. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City of New York, sued as a person responsible because of its authorization, condonation, and ratification of the acts of its agents) deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

a. Fourth Amendment right to be free from unlawful seizure of his person;

  b. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

  c. Eighth Amendment right to be free from cruel and unusual punishment.

## SECOND CLAIM FOR RELIEF

20. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this complaint designated "1" through "19" inclusive with the same force and effect as though each were fully set forth at length here.

21. The defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

22. The defendants recklessly conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

## PRAYER

Plaintiff requests that this Court award:

1. Compensatory damages in an amount to be determined upon trial of this action;

2. Punitive damages in an amount to be determined upon trial of this action;

3. Attorney's fees pursuant to 42 U.S.C. § 1988;

4. An award of plaintiff's costs of suit;

5. Grant plaintiff all other relief that is appropriate under the circumstances.

Dated: Brooklyn, New York
November 8, 2012

                                            Yours, Etc.
                                            ADRIAN A. ELLIS, LLC.
                                            BY: _____
                                            ADRIAN A. ELLIS, ESQ.,
                                            Attorney for the Plaintiff(s)
                                            26 Court Street, Suite 1600
                                            Brooklyn, NY 11242
                                            (718) 596-1308